BAILEY & CO. v. SOUTHWESTERN VENEER CO.

Opinion delivered December 11, 1916.

BILLS AND NOTES—BILL OF EXCHANGE—DESTRUCTION BY DRAWEE.—
The drawee of a bill of exchange agreed orally to accept the same, and then destroyed it by throwing it into a waste basket and permitting it to be burned, and thereafter refused to pay it. *Held*, it was a question for the jury whether the drawee had acted in a reckless and negligent manner, and that if he acted wilfully, that he would be liable on the bill.

Appeal from Woodruff Circuit Court;, *J. M. Jackson*, Judge; reversed.

STATEMENT BY THE COURT.

I. W. Saxon was indebted to appellant in the sum of $84.96, and on the 22d day of March, 1915, gave an order drawn on appellees for said sum in payment of said indebtedness. This order was immediately presented to appellees for acceptance. They did not accept it in writing, but stated to the appellant that the order was all right. Subsequently thereto and within a few days, they confirmed the oral acceptance of the order over telephone. Later, they refused to pay the order. On the 12th day of April thereafter appellant demanded a return of the order. Appellees stated that the order had been thrown in the waste basket and burned up. The return of the order was refused.

The record fails to disclose why the order was thrown into the waste basket and burned. No explanation appears in the record as to why appellees refused to pay it. The order was never paid by either I. W. Saxon or appellees.

This cause was tried in the circuit court on appeal and after the evidence was closed, the court gave the following peremptory instruction to the jury:

"Gentlemen of the jury, under the law and testimony in this case, you are instructed to return a verdict for the defendant."

Thereupon the jury returned in open court the following verdict: "We, the jury, find for the defendants.                    V. O. Richey, Foreman."

Appellant filed his motion for a new trial, which was overruled. Judgment was rendered on the verdict, and this cause was brought here on appeal.

The appellant, *pro se.*

1. The court erred in directing a verdict. The order was an inland bill of exchange. Kirby's Digest, § 507, Act 81, Acts of 1913. There was a question of

fact for a jury. 112 Ark. 305. There was a verbal acceptance. Kirby's Digest, § 500, Act 81, 1913; 78 Ark. 490; 17 L. R. A. (N. S.) 1266.

*Roy D. Campbell,* for appellees.

1. The order was not a bill of exchange and its retention was not an implied acceptance. Neg. Inst. Law, §§ 126, 132; 17 L. R. A. (N. S.) 1266; 78 Ark. 490; Brannan Anno. Neg. Inst. Law (2 Ed.) 135-6. A mere failure to return is not an implied acceptance. 1 Barn. & Ald. 653; 118 Mass. 537; 151 *Id.* 383; 5 Colo. 190; 117 Wis. 589; Moore Cases on Bills & Notes, 95; Neg. Inst. Law, §§ 132, 133, 137.

HUMPHREYS, J. (after stating the facts). Section 126 of Act 81 of the Acts of Arkansas, 1913, known as the Law of Negotiable Instruments, defines a bill of exchange as "an unconditional order in writing, addressed by one person to another, signed by the person giving it, requiring the person to whom it is addressed, to pay on demand or at a fixed or determinable future time a sum certain in money to order or bearer."

So far as disclosed in this record, the order in question in form and substance conforms to this definition and is an inland bill of exchange. By another section of the same act, a written acceptance is necessary to bind the drawee. By still another section, if the drawee destroys the bill he will be deemed to have accepted the same. Section 137, Act 81, Acts of Arkansas, 1913.

The evidence in this case is undisputed that appellees destroyed this bill and are silent as to why they did so. No excuse is rendered by them for not paying the order. Certainly it is not the privilege of a drawee to put the holder to sleep by an oral acceptance, then afterward to destroy the order or bill of exchange and refuse to pay same without rendering any kind or character of explanation or excuse, for destroying it.

An accidental destruction of the bill could not amount to an acceptance, but a wilful destruction of the

bill would.   Under all the circumstances in this case, we are of the opinion that the question of fact as to why the order was destroyed should have been submitted to the jury under proper instructions.   Throwing the order in the waste basket and permitting it to burn and refusing to pay it without explanation, after having orally accepted same, indicates a negligent and reckless manner of handling bills of exchange.   If wilful, then appellee herein became responsible.   For this error, this case must be reversed and remanded for a new trial. It is so ordered.