Bailey & Company v. Southwestern Veneer Company.

Opinion delivered December 9, 1918.

Bills·and notes—acceptance—destruction by drawee.—Under negotiable Instruments Act, § 132, providing that a drawee of a bill who destroys the same will be deemed to have accepted it, a drawee who wilfully destroys a bill which he had not accepted in writing was liable thereon, whether he had verbally accepted it or not.

Appeal from Woodruff Court, Southern District; *J. M. Jackson,* Judge; reversed.

*Jonas F. Dyson,* for appellant.

1.   The court erred in giving instructions 1 and 2 for defendants. Under the law it was not necessary that the order be accepted by defendants to bind them. If it was delivered to them for acceptance, it was sufficient to bind them. Kirby & Castle's Digest, § 7077.

2.   The finding of the jury was contrary to the law as given by the court in instruction No. 3. The order was delivered for acceptance and bound defendants. The verdict can not be sustained by the proof. The order was wilfully destroyed, and thereby defendants became liable. 126 Ark. 257; Acts 1913, p. 260.

Smith, J.   Bailey & Company, the appellants, by this suit seek to charge the Veneer Company as acceptors of an inland bill of exchange. It is not contended that the acceptance was in writing, as required by section 132 of the Negotiable Instrument Act, Acts 1913, page 260. But it is insisted that, after the bill was verbally accepted, it was wilfully destroyed. Upon a former trial, a verdict was directed in favor of the Veneer Company, which was reversed by us upon appeal. *Bailey & Company* v. *Southwestern Veneer Co.,* 126 Ark. 257.

The opinion in that case recited the facts to be that the testimony showed an oral acceptance and the unexplained destruction of the bill of exchange, and the opinion applied the law to the facts of that case. But, upon the remand and retrial of the cause, the court below interpreted our opinion to mean that there must be both a verbal acceptance and a wilfull destruction of the bill to fix liability thereon, and so charged the jury. This was error, and the judgment must be reversed on that account.

The opinion on the former appeal recognized the fact that a verbal acceptance was not sufficient, as the statute so provides, but it was pointed out that the statute also provides that the drawee who destroys a bill will be deemed to have accepted the same. In the former opinion we said: "An accidental destruction of the bill could not amount to an acceptance, but a wilful destruction of the bill would. Under all the circumstances in this case, we are of the opinion that the question of fact as to why the order was destroyed should have been submitted to the jury under proper instructions."

At the trial from which the present appeal is prosecuted, there was testimony to the effect that appellee had agreed to accept the order only to the extent to which it was indebted to the drawer of the bill, that sum being less than the face of the bill, and that after this limited acceptance the bill was accidentally lost by it. As this the bill had been wilfully destroyed should not have been submitted only on the question of the intentional destruction, but the right to recover upon a finding that the bill had been wilfully destroyed should not have been conditioned upon the additional finding that it had also been verbally accepted.

Reversed and remanded.