BAILEY & COMPANY *v.* LOVELESS.

Opinion delivered May 24, 1920.

APPEAL AND ERROR—MATTERS CONSIDERED.—Where, on appeal, there no reference to a motion for new trial, either in the abstract or the brief of appellant, and the abstract does not show that exceptions were saved to the giving of a certain instruction, such instruction can not be considered.

Appeal from Woodruff Circuit Court, Southern District; *J. M. Jackson,* Judge; affirmed.

*Jonas F. Dyson,* for appellant.

The court erred in giving instruction No. 1 for the State, as the testimony is conclusive that the order was destroyed by the appellees. Act No. 81, Acts 1913, § 137; 126 Ark. 257.

McCULLOCH, C. J. Appellants instituted this action below against appellees to recover the amount of a draft drawn on the latter by one Saxton, payable to appellants, it being alleged that appellees received the draft into their possession and thereafter wilfully destroyed it without paying same. Liability of appellees is asserted under section 137 of the Negotiable Instruments Law (Act No. 81, 1913), which provides that "if the drawee destroys a bill he will be deemed to have accepted the same." The case has been here before on appeal. *Bailey & Co.* v. *Southwestern Veneer Co.,* 126 Ark. 257.

It appears from the testimony as abstracted that there was an issue in the case as to whether appellees' agent destroyed the draft, and, if so, whether it was done wilfully or merely by accident. Appellants undertook to prove by admissions of appellees' agent that he deliberately threw the draft in the wastebasket and burned it; but the proof adduced by appellee tended to show that the draft was not intentionally destroyed, but merely that it could not be found at the time and that if it was destroyed at all it was done by accident.

The sole ground urged here for reversal of the cause is that the court erred in giving an instruction at the request of appellees on the subject of burden of proof. There is no reference to a motion for new trial either in the abstract or the brief of appellant. Neither does the abstract show that exceptions were saved to the giving of the instruction. These omissions are fatal to appellants' contention. The rules of this court require an abstract of the record and in the absence of a recital in the abstract showing that exceptions were properly saved at the time to the alleged erroneous rulings of the court and brought forward in the motion for new trial we must assume that no such exceptions were saved. The judgment must therefore be affirmed.